OPINION
{¶ 1} Ronic, Inc. ("Ronic") appeals from the judgment of the Franklin County Court of Common Pleas sustaining the Ohio Liquor Control Commission's ("commission") decision to deny Ronic's requests for permit renewals and a transfer. For the reasons that follow, we must affirm.
 {¶ 2} The subject liquor permit was issued to Mrs. Rosalie Harper in 1987 for a business called Flame Bar Grill aka Ronic, Inc.[1]
Several years later, on or about June 12, 1996, Ronald W. Harper, Sr., President of Ronic, and his wife Rosalie Harper were divorced. Pursuant to the separation agreement, Mr. Harper was to transfer all stock in their business to himself. After the transfer, Rosalie was to receive one-half of any further sales. Sometime thereafter, Mr. Harper notified the Division of Liquor Control ("division") that he was requesting a permit renewal and stock transfer pursuant to the separation agreement.[2]
On October 28, 1999, the division requested the following items via certified mail: (1) a completed stock transfer application and $100 filing fee; (2) completed fingerprint cards and personal history forms on all corporate officers; and (3) a certified copy of the divorce decree. Apparently, this was the division's third request for this information. The cover letter indicated in bold print that if Mr. Harper failed to respond by November 27, 1999, adverse action would be taken against the application. Mr. Harper responded and produced most of the documents; however, certain documents were omitted. The division notified Mr. Harper of these omissions but he made no further response. On August 8, 2000, the division sent another request via certified mail for additional documents; namely, (1) a certificate from the secretary of state as to good standing of the corporation; and (2) the federal tax identification number for the corporation. Mr. Harper did not respond. On December 8, 2000, the division sent another letter via certified mail requesting the same documents. This letter stated that if Mr. Harper failed to respond by January 7, 2001, the division would reject his application for renewal and transfer.
 {¶ 3} Mr. Harper eventually sent the requested documents. Thereafter, the division conducted its investigation. The division ran a criminal background check, using Mr. Harper's fingerprint cards, and realized that Mr. Harper had a criminal record consisting of three misdemeanor convictions. The three convictions were for the following: (1) 1981-DUI reduced to reckless operation; (2) 1987-carrying a concealed weapon; and (3) 1995-DUI. Mr. Harper failed to list any criminal convictions on his applications. He stated he did not think he was required to list misdemeanors. However, the applications ask whether the relevant person has ever been convicted of a felony or misdemeanor.[3]
 {¶ 4} On December 28, 2000, the superintendent of the division issued two orders rejecting the liquor license renewals and stock transfer request. Ronic appealed these decisions to the commission and a hearing was set for June 19, 2001. At the hearing, the division submitted numerous documents to substantiate its decision. Instead of Ronic offering evidence to refute the decision, it offered a statement in mitigation. Ronic essentially admitted that it, via Mr. Harper, made mistakes but argued that such mistakes were the result of Mr. Harper's old age and unexpected illnesses. The commission apparently did not find the mitigation argument persuasive. On June 28, 2001, the commission issued its order wherein the division's orders were upheld. It asserted the following three reasons: (1) the applicant (Mr. Harper) had been convicted of a crime that relates to the fitness to operate a liquor permit business; (2) the applicant misrepresented material facts on the application, namely his criminal convictions; and (3) the applicant failed to cooperate with the division in its investigation. Ronic appealed to the common pleas court.
 {¶ 5} After reviewing the submitted briefs, the trial court affirmed the commission's order and entered judgment on October 17, 2002. Although the trial court did not necessarily agree with the commission's order, it affirmed based on the applicable standard of review. The trial court specifically noted that it did not think Mr. Harper/Ronic's errors were intentional due to his age and recent illness(es). The court stated the following: "The facts of this action offer, what is becoming a repetitive scenario, circumstances that should weigh in mitigation, but which the Commission ignores, without comment. The Commission then proceeds to the most severe result, closing a business which has operated without incident since 1987. The Court does not take lightly the charges of which Mr. Harper was convicted. However, the Court does observe that the only charge since April of 1987 is a no contest plea * * * to a driving while intoxicated. * * * The record reflects that Mr. Harper was at least sixty-six years old at the time of the hearing, and that he had been suffering from illness. There is no indication that Appellant had purposefully failed to indicate his convictions, * * * [however] the existing law does not grant latitude to this Court to lessen the sanction imposed by the Commission * * *. The Court must therefore * * * Affirm the Order of the Commission." The trial court also discussed at length the standard of review imposed upon it by R.C. 119.12. Ronic timely filed an appeal to this court on November 8, 2002.
 {¶ 6} On appeal, Ronic asserts the following two assignments of error:
 {¶ 7} "1. The trial court erred by failing to invoke the proper standard of review.
 {¶ 8} "2. The order by the Liquor Control Commission revoking appellant's liquor permit was not supported by reliable, probative, and substantial evidence."
 {¶ 9} In its first assignment of error, Ronic claims that the trial court did not use the proper standard of review. Ronic claims that the trial court did not conclude that the commission's decision was supported by reliable, probative and substantial evidence since it found that Mr. Harper did not purposefully evade the division. Simply stated, Ronic argues that the trial court's reluctance to affirm such a harsh result necessarily means that there was no evidence to support the commission's decision. Ronic's argument is misplaced.
 {¶ 10} The trial court's standard of review is hybrid in nature. The trial court must review the agency's order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111-112; Ohio Historical Soc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466, 471. Reliable evidence is dependable; that is, it can be confidently trusted. Triplett Grille, Inc. v. Ohio Liquor Control Comm. (Dec. 12, 1996) Franklin App. No. 95APE06-712 at 1, citing Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571. In order to be reliable, there must be a reasonable probability that the evidence is true. Id. Probative evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. Id. Substantial evidence is evidence with some weight; it must have importance and value. Id. Conrad sets forth the following guidelines for the trial court: "In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight the court should defer to the determination of the administrative body, which, as the factfinder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. However, the findings of the agency are by no means conclusive.
 {¶ 11} "Where the court, in its appraisal of the evidence, determines that there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination, the court may reverse, vacate, or modify the administrative order. * * * Likewise, where it appears that the administrative determination rests upon inferences improperly drawn from the evidence adduced, the court may reverse the administrative order." Id. at 111-112.
 {¶ 12} Although the trial court felt that the commission's ultimate order was harsh, as do we, it recognized that it had no authority to modify such order under Henry's Café, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233, where there is substantial evidence of a violation. The trial court also recognized that case law and statutory law grant the commission wide discretion to determine "if past criminal conduct is sufficient to warrant denial of a permit." Trial court's decision at 4, citing Triplett Grille at 2-3 (finding that the commission's refusal to renew the permit based on permit holder's manager's prior criminal record was within its discretion). Based on a review of the record below, this court finds that the trial court applied the correct standard of review.
 {¶ 13} Accordingly, Ronic's first assignment of error is overruled.
 {¶ 14} Ronic's second assignment of error deals with whether the commission's order is in fact supported by reliable, probative and substantial evidence. As already stated, the common pleas court is required to affirm the commission's order if it is supported by reliable, probative and substantial evidence. Goldfinger Enterprises, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 01AP-1172, 2002-Ohio-2770. However, when reviewing the trial court's resolution of this issue, this court's standard of review is limited. Id. The only issue this court must decide is whether the trial court abused its discretion. Id. "While it is incumbent on the common pleas court to examine the evidence, this is not the function of the court of appeals." Id., citing Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. An abuse of discretion is not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency. Id. at 621. Absent an abuse of discretion, the court of appeals may not substitute its judgment for that of the commission or the trial court. Id. As to questions of law, this court's review is de novo. Goldfinger, supra.
 {¶ 15} As stated, the trial court found that the commission's order was supported by reliable, probative and substantial evidence. We do not think the trial court abused its discretion. The statutory grounds for denial of a renewal application are set forth in R.C. 4303.292. That section provides the following:
 {¶ 16} "(A) The division of liquor control may refuse to issue, transfer the ownership of, or renew * * * if it finds:
 {¶ 17} "(1) That the applicant, any partner, member, officer, director, or manager thereof, or any shareholder owning ten per cent or more of its capital stock:
 {¶ 18} "(a) Has been convicted at any time of a crime which relates to fitness to operate a liquor establishment;
 {¶ 19} "(b) Has operated liquor permit businesses in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state or any other state;
 {¶ 20} "(c) Has misrepresented a material fact in applying to the division for a permit[.] "
 {¶ 21} As stated previously, the commission concluded that Ronic's president, Mr. Harper, had been convicted of a crime relating to his fitness to operate a liquor establishment in violation of R.C. 4303.292(a), most notably his 1995 DUI conviction. The commission may properly reject a liquor permit based on these conviction(s). Uno Foods, Inc. v. Liquor Control Comm. (Jan. 8, 1999), Franklin C.P. No. 98CVF05-3956. The commission further found that Mr. Harper misrepresented a material fact because he failed to list his convictions on the applications in violation of R.C. 4303.292(c). This misrepresentation is likewise a sufficient ground for the commission's rejection of the renewal. Toman v. Ohio Liquor Control Comm. (Apr. 25, 2000), Franklin App. No. 99AP-811. These findings were based on evidence before the commission that was undisputed by Ronic. Accordingly, the trial court found that this was reliable, probative and substantial evidence for the commission's order.[4]
 {¶ 22} The commission rejected the renewal for an additional reason, namely Ronic's failure to timely provide necessary documents to the division during its investigation. Pursuant to Ohio Adm. Code4301:1-1-12(A):
 {¶ 23} "No class C or D permit, except on a renewal, shall be issued by the division until a complete examination, including inspection of the premises, has been conducted under the direction of the licensing section, except as provided by this rule, and the division finds that the applicants and the locations meet all of the requirements imposed by law and rules."
 {¶ 24} The division argued that this section necessarily implies that an applicant must cooperate with the investigation. The division and the commission found that Ronic's untimely response to many requests was not cooperative. Again, the evidence before the commission was undisputed. Significantly, Ronic's counsel acknowledged that the facts presented by the division were accurate. Without a valid permit, there can be no valid transfer. Sathine, Inc. v. Liquor Control Comm. (Sept. 22, 1994) Franklin App. No. 94APE03-352. This court holds that the trial court did not abuse its discretion in finding that the commission's order was supported by reliable, probative and substantial evidence.
 {¶ 25} This court agrees with the trial court that the penalty imposed by the commission was the most severe possible, particularly under the circumstances in this case; however, the trial court did not abuse its discretion in affirming the commission's order. The evidence clearly supported the factual findings of the commission. Unfortunately, the court may not modify the commission's sanction. Henry's Café, supra; McCartney v. Liquor Control Comm. (June 22, 1995), Franklin App. No. 94APE10-1576, at 2-3. "The cases * * * unequivocally hold that once there is a proper determination of a violation of law by the commission, it has within its discretion the authority to impose various penalties, including revocation, and this aspect of the commission's decision cannot be altered on appeal." Id.
 {¶ 26} Ronic's second assignment of error is overruled.
 {¶ 27} Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.
[1] It should be noted at the outset that this business has operated since 1987 without incident.
[2] At the time of the request to transfer, Mr. Harper and Rosalie intended to sell the business. This is the only asset the individuals have.
[3] Mr. Harper checked the "no" box on his most recent applications and also applications for previous years.
[4] Appellant also argues that the evidence does not support a finding of an intentional violation of R.C. 4303.292. However, ignorance of the rules and regulations surrounding liquor licensing does not excuse a violation. A liquor permit is a privilege, and the state has every reason to expect its licensees to know and abide by its rules and regulations.